# U.S. District Court
## Western District of Missouri (Jefferson City)
## CIVIL DOCKET FOR CASE #: <u>2:13–cv–04228–NKL</u>
### *Internal Use Only*

Nevius v. Internal Revenue Service et al
Assigned to: District Judge Nanette K. Laughrey
Demand: $74,000
 Case in other court:  Eighth Circuit, 14–01483
Cause: 42:1983 Civil Rights Act

Date Filed: 11/06/2013
Date Terminated: 04/24/2014
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| **Bryon B Nevius** | represented by | **Bryon B Nevius** |
| | | 21355 Highway 179 |
| | | Jamestown, MO 65046 |
| | | 660–849–2133 |
| | | Email: |
| | | PRO SE |

V.

**Defendant**

| **Internal Revenue Service** | represented by | **Jessica S. Reimelt** |
| | | United States Department of Justice–DC |
| | | Tax Division |
| | | Ben Franklin Station |
| | | P. O. Box 7238 |
| | | Washington, DC 20044 |
| | | (202) 307–2176 |
| | | Fax: (202) 514–6770 |
| | | Email: <u>jessica.s.reimelt@usdoj.gov</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Active* |
| | | |
| | | **Daniel A. Applegate** |
| | | U.S. Dept. of Justice |
| | | P.O. Box 7238 |
| | | Ben Franklin Station |
| | | Washington, DC 20044 |
| | | (202) 353–8180 |
| | | Fax: (202) 514–6770 |
| | | Email: <u>daniel.a.applegate@usdoj.gov</u> |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Active* |

**Defendant**

| **Julie Tomlinson** | represented by | |

**Jessica S. Reimelt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Daniel A. Applegate**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**John and Jane Doe**                    represented by   **Jessica S. Reimelt**
*Employees of Internal Revenue Service*                   (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Status: Active*

                                                          **Daniel A. Applegate**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/06/2013 | 1 | | COMPLAINT against Internal Revenue Service, Julie Tomlinson by Bryon B Nevius. Filing fee $400, receipt number *KCMO035305*. Service due by 3/9/2014. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Civil Cover Sheet)(Russel, Jeri) Modified on 11/7/2013 to correct filing fee receipt information (Chorny, Traci). Modified on 11/13/2013 Court copy of exhibits 2 and 3 delivered to Clerk (James, Carrie). (Entered: 11/06/2013) |
| 11/07/2013 | | | RECEIPT number KCMO035305 in the amount of $400.00 issued to Bryon Nevius. (Chorny, Traci) (Entered: 11/07/2013) |
| 11/13/2013 | 2 | | RETURN OF SERVICE of complaint executed by Bryon B Nevius. Julie Tomlinson served on 11/8/2013. (James, Carrie) (Entered: 11/13/2013) |
| 11/20/2013 | 3 | | **NEW NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NEW NOTICE AND NEW MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.**<br><br>**Notice of MAP assignment to United States Magistrate Judge Matt J. Whitworth. (Attachments: # 1 MAP General Order)(Russel, Jeri) Modified on 11/20/2013 – Documents mailed to plaintiff at address on file (Russel, Jeri). (Entered: 11/20/2013)** |
| 12/03/2013 | 4 | | ORDER ON PRETRIAL PROCEDURES entered by Judge Nanette Laughrey. Service must be obtained on all defendants within forty (40) days of the date of |

| | | | |
|---|---|---|---|
| | | | this Order unless otherwise authorized by the Court. (Order mailed to plaintiff.) (Matthes, Renea) (Entered: 12/03/2013) |
| 12/11/2013 | | | SUMMONS ISSUED as to Internal Revenue Service as John and Jane Doe, Julie Tomlinson. (James, Carrie) (Entered: 12/11/2013) |
| 01/08/2014 | 5 | | RETURN OF SERVICE of complaint executed by Bryon B Nevius. John and Jane Doe served on 12/27/2013 by serving Julie Tomlinson, service designee of IRS, answer due 1/17/2014. (James, Carrie) (Entered: 01/08/2014) |
| 01/08/2014 | 6 | | RETURN OF SERVICE of complaint executed by Bryon B Nevius. Julie Tomlinson served on 12/27/2013, answer due 1/17/2014. (James, Carrie) (Entered: 01/08/2014) |
| 01/17/2014 | 7 | | MOTION for extension of time to file answer re 1 Complaint, filed by Jessica S. Reimelt on behalf of All Defendants. Suggestions in opposition/response due by 2/3/2014 unless otherwise directed by the court. (Related document(s) 1 ) (Attorney Jessica S. Reimelt added to party John and Jane Doe(pty:dft), Attorney Jessica S. Reimelt added to party Internal Revenue Service(pty:dft), Attorney Jessica S. Reimelt added to party Julie Tomlinson(pty:dft))(Reimelt, Jessica) (Entered: 01/17/2014) |
| 01/17/2014 | 8 | | ORDER entered by Judge Nanette Laughrey granting Defendants' motion for extension of time to file a responsive pleading 7 . Defendants' responsive pleading is due by February 26, 2014. This is a TEXT ONLY ENTRY. No document is attached. (Weber, Alex) (Entered: 01/17/2014) |
| 01/22/2014 | 9 | | NOTICE of filing Objections by Bryon B Nevius re 7 MOTION for extension of time to file answer re 1 Complaint, (Bax, Laura) (Entered: 01/22/2014) |
| 02/03/2014 | 10 | | MOTION for reconsideration filed by Bryon B Nevius. Suggestions in opposition/response due by 2/21/2014 unless otherwise directed by the court. (James, Carrie) (Entered: 02/03/2014) |
| 02/05/2014 | 11 | | AMENDED MOTION for hearing, MOTION for reconsideration filed by Bryon B Nevius. Suggestions in opposition/response due by 2/24/2014 unless otherwise directed by the court. (Attachments: # 1 Exhibit 5, # 2 Exhibit 6)(Russel, Jeri) (Entered: 02/05/2014) |
| 02/05/2014 | 12 | | MOTION for sanctions filed by Bryon B Nevius. Suggestions in opposition/response due by 2/24/2014 unless otherwise directed by the court. (Russel, Jeri) (Entered: 02/05/2014) |
| 02/11/2014 | 13 | | ORDER entered by Judge Nanette Laughrey. Plaintiff's motions for reconsideration of the Court's Order granting Defendants an extension of time to file a responsive pleading, 10 , and for a hearing on the same, 11 , are DENIED. (Order mailed to Bryon B Nevius, 21355 Highway 179, Jamestown, MO 65046) (Weber, Alex) (Entered: 02/11/2014) |
| 02/13/2014 | 14 | | Order. Proposed scheduling order due by 3/7/2014. Rule 26 conference due by 2/28/2014. Signed on 2/13/14 by District Judge Nanette K. Laughrey. (Order mailed to Byron Nevius.) (Matthes, Renea) (Entered: 02/13/2014) |
| 02/14/2014 | 15 | | PROPOSED SCHEDULING ORDER by Bryon B Nevius. (Russel, Jeri) (Entered: 02/14/2014) |

| 02/14/2014 | 16 | | MOTION for default judgment as to Julie Tomlinson filed by Bryon B Nevius. Suggestions in opposition/response due by 3/3/2014 unless otherwise directed by the court. (James, Carrie) (Entered: 02/14/2014) |
|---|---|---|---|
| 02/14/2014 | 17 | | MOTION for default judgment as to Internal Revenue Service filed by Bryon B Nevius. Suggestions in opposition/response due by 3/3/2014 unless otherwise directed by the court. (James, Carrie) (Entered: 02/14/2014) |
| 02/14/2014 | 18 | | NOTICE OF APPEAL – interlocutory as to 14 Rule 16 Notice, 8 Order on Motion for Extension of Time to Answer, 10 and 11 by Bryon B Nevius. Filing fee $ 505, receipt number 282184. (Russel, Jeri) (Entered: 02/14/2014) |
| 02/14/2014 | 19 | | MOTION for default judgment as to John and Jane Does filed by Bryon B Nevius. Suggestions in opposition/response due by 3/3/2014 unless otherwise directed by the court. (James, Carrie) (Entered: 02/14/2014) |
| 02/19/2014 | 20 | | RESPONSE to order re 13 Order on Motion for Reconsideration, Order on Motion for Hearing on behalf of Plaintiff Bryon B Nevius. (Related document(s) 13 ) (Russel, Jeri) (Entered: 02/19/2014) |
| 02/21/2014 | 21 | | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 18 Notice of Appeal. (Attachments: # 1 Cover Letter)(James, Carrie) (Entered: 02/21/2014) |
| 02/24/2014 | 22 | | SUGGESTIONS in opposition re 12 MOTION for sanctions filed by Jessica S. Reimelt on behalf of Defendants John and Jane Doe, Internal Revenue Service, Julie Tomlinson. Reply suggestions due by 3/13/2014 unless otherwise directed by the court (Related document(s) 12 ) (Reimelt, Jessica) (Entered: 02/24/2014) |
| 02/24/2014 | 23 | | ORDER entered by Judge Nanette Laughrey. Pending before the Court is Plaintiff's motion for sanctions based on Defendants' alleged failure to serve their motion for extension of time to respond to Plaintiff's Complaint, 12 . Defendants have represented to the Court that they served this pleading by mailing it to Plaintiff's last known address, which is all that is required under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 5(b)(2)(C). Furthermroe, Plaintiff did not incur any prejudice as a result of the alleged lack of service, as the Court considered and rejected Plaintiff's motion to reconsider the Court's order extending the deadline for Defendants' responsive pleading, and this decisions is now on appeal. Consequently, Plaintiff's motion for sanctions, [Doc. # 12], is DENIED. This is a TEXT ONLY ENTRY. No document is attached. (Weber, Alex) Modified on 2/24/2014 to reflect that a copy of the Order was mailed to Bryon B Nevius, 21355 Highway 179, Jamestown, MO 65046)(Cross, Ashley). (Entered: 02/24/2014) |
| 02/26/2014 | 24 | | MOTION to dismiss case filed by Jessica S. Reimelt on behalf of All Defendants. Suggestions in opposition/response due by 3/17/2014 unless otherwise directed by the court. (Reimelt, Jessica) (Entered: 02/26/2014) |
| 02/26/2014 | 25 | | SUGGESTIONS in support re 24 MOTION to dismiss case filed by Jessica S. Reimelt on behalf of Defendant Internal Revenue Service. (Attachments: # 1 Affidavit Declaration of IRS Special Agent Julie Tomlinson, # 2 Exhibit Summons issued to PNC Bank)(Related document(s) 24 ) (Reimelt, Jessica) (Entered: 02/26/2014) |
| 02/27/2014 | 26 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to continue *deadlines to meet and confer and file a joint proposed scheduling order* filed by Jessica S. Reimelt on behalf of All Defendants. Suggestions in opposition/response due by 3/17/2014 unless otherwise directed by the court. (Reimelt, Jessica) (Entered: 02/27/2014) |
| 03/04/2014 | 27 | | ORDER entered by Judge Nanette Laughrey. Pending before the Court is Defendants' motion to continue the deadline for the parties to meet and confer and submit a joint proposed scheduling order, 26 . Having received no response from Plaintiff and in light of the quickly approaching, March 7, 2014 deadline, Defendants' motion, [Doc. # 26], is GRANTED. A new deadline for the parties to meet and confer and submit a proposed scheduling order will be set, if necessary, after the Court rules on Defendants' pending motion to dismiss. This is a TEXT ONLY ENTRY. No document is attached. (Weber, Alex) Modified on 3/4/2014 to reflect that a copy of this Order was mailed to Bryon B Nevius, 21355 Highway 179, Jamestown, MO 65046 (Weber, Alex). (Entered: 03/04/2014) |
| 03/04/2014 | 28 | | USCA Case Number from Eighth Circuit is 14–1483 for 18 Notice of Appeal filed by Bryon B Nevius. Briefing schedule not entered by the Court of Appeals. (James, Carrie) (Entered: 03/04/2014) |
| 03/12/2014 | 29 | | SUGGESTIONS in opposition re 24 MOTION to dismiss case on behalf of Plaintiff Bryon B Nevius. Reply suggestions due by 3/31/2014 unless otherwise directed by the court (Related document(s) 24 ) (James, Carrie) (Entered: 03/13/2014) |
| 03/12/2014 | 30 | | NOTICE of filing by Bryon B Nevius (Attachments: # 1 Exhibit)(James, Carrie) (Entered: 03/13/2014) |
| 03/17/2014 | 31 | | USCA Judgment and/or Opinion as to 18 Notice of Appeal filed by Bryon B Nevius **This is a preliminary judgment and/or opinion of U.S. Court of Appeals; jurisdiction is not recovered until the Mandate is issued by the U.S Court of Appeals.** (Attachments: # 1 Cover Letter)(James, Carrie) (Entered: 03/17/2014) |
| 03/27/2014 | 32 | | REPLY SUGGESTIONS to motion re 24 MOTION to dismiss case filed by Jessica S. Reimelt on behalf of Defendants John and Jane Doe, Internal Revenue Service, Julie Tomlinson. (Related document(s) 24 ) (Reimelt, Jessica) (Entered: 03/27/2014) |
| 04/02/2014 | 33 | | ORDER of US COURT OF APPEALS (James, Carrie) (Entered: 04/03/2014) |
| 04/09/2014 | 34 | | MOTION for declaratory judgment filed by Bryon B Nevius. Suggestions in opposition/response due by 4/28/2014 unless otherwise directed by the court. (James, Carrie) (Entered: 04/09/2014) |
| 04/09/2014 | 35 | | MOTION for order to Determine Authority of Julie Tomlinson filed by Bryon B Nevius. Suggestions in opposition/response due by 4/28/2014 unless otherwise directed by the court. (James, Carrie) (Entered: 04/09/2014) |
| 04/23/2014 | 36 | | NOTICE of filing of Evidence by Bryon B Nevius (James, Carrie) (Entered: 04/23/2014) |
| 04/23/2014 | 37 | | CERTIFICATE OF SERVICE of Request for Admissions by Bryon B Nevius on behalf of Plaintiff Bryon B Nevius.(James, Carrie) (Entered: 04/23/2014) |

| | | | |
|---|---|---|---|
| 04/23/2014 | 38 | | NOTICE of filing regarding Subpoena Duces Tecum by Bryon B Nevius (James, Carrie) (Entered: 04/23/2014) |
| 04/24/2014 | 39 | 9 | ORDER. Defendants' motion to dismiss and/or deny petition to quash, [Doc. # 24], is GRANTED, Nevius' petition to quash, [Doc. # 1], is DENIED, and Nevius' motions for default judgment as to the IRS, Tomlinson, and the Doe defendants, [Docs. ## 16, 17, 19], declaratory judgment, [Doc. # 34], and an order determining the authority of Tomlinson, 35 , are DENIED. It is further ORDERED that this case is hereby DISMISSED, with prejudice. Signed on 4/24/14 by District Judge Nanette K. Laughrey. (Matthes, Renea) Modified on 4/24/2014. Document mailed to plaintiff, pro se. (James, Carrie). (Entered: 04/24/2014) |
| 04/24/2014 | 40 | 18 | CLERK'S JUDGMENT (Matthes, Renea) Modified on 4/24/2014. Document mailed to plaintiff pro se. (James, Carrie). (Entered: 04/24/2014) |
| 05/07/2014 | 41 | | MOTION to vacate 39 Order on Motion for Declaratory Judgment, Order on Motion for Miscellaneous Relief, Order on Motion for Default Judgment,Order on Motion to Dismiss Case, filed by Bryon B Nevius. Suggestions in opposition/response due by 5/27/2014 unless otherwise directed by the court. (Related document(s) 39 ) (James, Carrie) (Entered: 05/07/2014) |
| 05/07/2014 | 42 | | MOTION for order For Finding of Facts filed by Bryon B Nevius. Suggestions in opposition/response due by 5/27/2014 unless otherwise directed by the court. (James, Carrie) (Entered: 05/07/2014) |
| 05/15/2014 | 43 | | SUGGESTIONS in opposition re 41 MOTION to vacate 39 Order on Motion for Declaratory Judgment, Order on Motion for Miscellaneous Relief, Order on Motion for Default Judgment,,, Order on Motion to Dismiss Case,,,,,,,,,,, 42 MOTION for order For Finding of Facts filed by Jessica S. Reimelt on behalf of Defendants John and Jane Doe, Internal Revenue Service, Julie Tomlinson. Reply suggestions due by 6/2/2014 unless otherwise directed by the court (Related document(s) 41 , 42 ) (Reimelt, Jessica) (Entered: 05/15/2014) |
| 05/21/2014 | 44 | | MOTION to strike 43 Suggestions in Opposition to Motion,, filed by Bryon B Nevius. Suggestions in opposition/response due by 6/9/2014 unless otherwise directed by the court. (Related document(s) 43 ) (James, Carrie) (Entered: 05/21/2014) |
| 05/28/2014 | 45 | | MANDATE of US COURT OF APPEALS as to 18 Notice of Appeal filed by Bryon B Nevius with mandate issued on 5/28/14. (James, Carrie) (Entered: 05/29/2014) |
| 05/29/2014 | 46 | | SUGGESTIONS in opposition re 44 MOTION to strike 43 Suggestions in Opposition to Motion,, filed by Jessica S. Reimelt on behalf of Defendants John and Jane Doe, Internal Revenue Service, Julie Tomlinson. Reply suggestions due by 6/16/2014 unless otherwise directed by the court (Related document(s) 44 ) (Reimelt, Jessica) (Entered: 05/29/2014) |
| 06/04/2014 | 47 | | MOTION for more definite statement filed by Bryon B Nevius. Suggestions in opposition/response due by 6/23/2014 unless otherwise directed by the court. (Bax, Laura) (Entered: 06/04/2014) |
| 06/10/2014 | 48 | | NOTICE of appearance by Daniel A. Applegate on behalf of All Defendants (Attorney Daniel A. Applegate added to party John and Jane Doe(pty:dft), |

| | | | |
|---|---|---|---|
| | | | Attorney Daniel A. Applegate added to party Internal Revenue Service(pty:dft), Attorney Daniel A. Applegate added to party Julie Tomlinson(pty:dft))(Applegate, Daniel) (Entered: 06/10/2014) |
| 06/18/2014 | 49 | | OBJECTIONS to Attorney Appearance doc #48 (non motions) by Bryon B Nevius. (James, Carrie) (Entered: 06/18/2014) |
| 06/25/2014 | 50 | | NOTICE of filing regarding proposed order by Bryon B Nevius (Attachments: # 1 Proposed Order)(Russel, Jeri) (Entered: 06/25/2014) |
| 07/07/2014 | 51 | | ORDER. Plaintiff Bryon Nevius' motion to vacate, 41 , motion for findings of fact and conclusions of law, 42 , motion to strike, 44 and motion for more definite statement, 47 , are DENIED. Signed on 7/7/2014 by District Judge Nanette K. Laughrey. (Weber, Alex) Modified on 7/7/2014 to reflect that a copy of this Order was mailed to Plaintiff at 21355 Highway 179, Jamestown, MO 65046.(Weber, Alex). (Entered: 07/07/2014) |
| 07/16/2014 | 52 | | MOTION for order to correct the record filed by Bryon B Nevius. Suggestions in opposition/response due by 8/4/2014 unless otherwise directed by the court. (Attachments: # 1 Exhibit)(James, Carrie) (Entered: 07/16/2014) |
| 08/06/2014 | 53 | | MOTION for extension of time to file appeal filed by Bryon B Nevius. Suggestions in opposition/response due by 8/25/2014 unless otherwise directed by the court. (Attachments: # 1 Exhibit 12)(Russel, Jeri) (Entered: 08/06/2014) |
| 08/13/2014 | 54 | | MOTION to vacate filed by Bryon B Nevius. Suggestions in opposition/response due by 9/2/2014 unless otherwise directed by the court. (Attachments: # 1 Affidavit in Support Exhibit 13, # 2 Exhibit 14, # 3 Exhibit 15)Proposed Order emailed to Chambers.(James, Carrie) (Entered: 08/13/2014) |
| 08/14/2014 | 55 | | ORDER entered by Judge Nanette Laughrey. Plaintiff's Motion for Extension of Time to File an Appeal [Doc. 53], is DENIED. Plaintiff's pending motion regarding Federal Rule of Appellate Procedure 10(e)(1) [Doc. 52], does not provide sufficient grounds for Plaintiff's requested extension. A copy of this order was mailed to Plaintiff Bryon Nevius on 8/14/2014. This is a TEXT ONLY ENTRY. No document is attached. (Hatting, Elizabeth) Modified on 8/27/2014 (Hatting, Elizabeth). (Entered: 08/14/2014) |
| 08/26/2014 | 56 | | ORDER entered by Judge Nanette Laughrey. Plaintiff's Motion to Settle the Record, Doc. 52 , and Motion to Void the Judgment, Doc. 54 , are denied. The Court's Order, Doc. 39 , accurately reflects the Court's decision and the content of proceedings in the District Court. Therefore, "the record truly discloses what occurred in the district court," and no correction is necessary. Fed. R. App. P. 10(e)(1). Furthermore, a "Judgment is not void for lack of subject matter jurisdiction unless no arguable basis for jurisdiction existed." Kocher v. Dow Chemical Co., 132 F.3d 1225, 1230 (8th Cir. 1997). The Court properly exercised its jurisdiction under 28 U.S.C. § 1346. The judgment is not void. A copy of this order was mailed to Plaintiff Bryon Nevius on 8/26/2014. This is a TEXT ONLY ENTRY. No document is attached. (Hatting, Elizabeth) Modified on 8/27/2014 (Hatting, Elizabeth). (Entered: 08/26/2014) |
| 08/27/2014 | 57 | | MOTION for recusal filed by Bryon B Nevius. Suggestions in opposition/response due by 9/15/2014 unless otherwise directed by the court. (James, Carrie) (Entered: 08/27/2014) |

| 08/28/2014 | 58 |    | ORDER entered by Judge Nanette Laughrey. Plaintiff's Motion for Recusal, Doc. 57 , is denied. Plaintiff has failed to show grounds for disqualification under 28 U.S.C. § 455. The judge has had no prior dealings with the case or any parties thereto, has no bias with respect to either party, and has no financial or other interest in the outcome of the proceeding. As such, judicial impartiality cannot reasonably be questioned in this case. A copy of this Order was mailed to Plaintiff Bryon Nevius on 8/28/2014. This is a TEXT ONLY ENTRY. No document is attached. (Hatting, Elizabeth) (Entered: 08/28/2014) |
|------------|----|----|----|
| 09/03/2014 | 59 |    | NOTICE of filing of Judicial Notice by Bryon B Nevius (Attachments: # 1 Exhibit 18, # 2 Exhibit 19, # 3 Exhibit 20)(James, Carrie) (Entered: 09/03/2014) |
| 09/03/2014 | 60 |    | MOTION to vacate filed by Bryon B Nevius. Suggestions in opposition/response due by 9/22/2014 unless otherwise directed by the court. (Attachments: # 1 Exhibit 16, # 2 Exhibit 17)(James, Carrie) (Entered: 09/03/2014) |
| 09/03/2014 | 61 | 19 | NOTICE OF APPEAL as to 39 Order on Motion for Declaratory Judgment, Order on Motion for Miscellaneous Relief, Order on Motion for Default Judgment, Order on Motion to Dismiss Case, by Bryon B Nevius. Filing fee $ 505, receipt number 282194. (James, Carrie) (Entered: 09/03/2014) |
| 09/04/2014 | 62 | 20 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 61 Notice of Appeal,. (James, Carrie) (Entered: 09/04/2014) |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION


BRYON B. NEVIUS,               )
                               )
            Plaintiff,         )
                               )
      v.                       )     No. 2:13-CV-04228-NKL
                               )
JULIE TOMLINSON, INTERNAL      )
REVENUE SERVICE, et al.,       )
                               )
            Defendants.        )


## ORDER

Pending before the Court are Defendants Julie Tomlinson and the Internal

Revenue Service ("IRS")'s motion to dismiss and/or deny petition to quash IRS

summons, [Doc. # 24], as well as numerous motions filed by pro se Plaintiff Bryon

Nevius, [Docs. ## 16, 17, 19, 34, 35]. For the reasons set forth below, Defendants'

motion is GRANTED, Nevius' petition to quash IRS summons, [Doc. # 1], is DENIED,

and Nevius' motions are DENIED. It is further ORDERED that this case is

DISMISSED, with prejudice.

## I.    Background

Tomlinson is a duly commissioned IRS Special Agent conducting an investigation

into Nevius' federal income tax liabilities for the period of January 2006 to present. On

October 18, 2013, Tomlinson issued an administrative summons to PNC Bank,

1

requesting information pertaining to Nevius. Nevius was served with notice of this summons that same date.

On November 6, 2013, Nevius initiated the present action. Nevius' Complaint seeks to quash the October 18, 2013 summons, as well as eighteen past summonses and any future summons that might issue, and requests the destruction of any documents provided in response to the prior summonses. Nevius' Complaint also asserts a claim for damages against Tomlinson, requests a bill of particulars "documenting probable cause on the part of the IRS to proceed with further discovery relating to any imputed federal tax liability," and seeks a writ of mandamus compelling the IRS to cease all efforts related to investigating or collecting Nevius' federal income tax liabilities and to produce facts and evidence showing that Nevius has a legal duty to pay taxes.

## II.    Discussion

### A.    The Court Retains Jurisdiction Notwithstanding Nevius' Appeal

As a threshold matter, the Court must clarify its current jurisdiction in light of Nevius' pending appeal from the Court's order granting Defendants' motion for extension of time to file a responsive pleading. [Doc. # 18]. Although this appeal has been dismissed by the Eighth Circuit for lack of jurisdiction, [Docs. ## 31, 33], the deadline for filing a petition for rehearing has not yet expired and the mandate has not been issued by the Court of Appeals. Generally, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal until the mandate is issued and received. *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006). However, "[t]his jurisdictional principle is not absolute. To prevent

2

parties from using frivolous appeals to delay or interrupt proceedings in the district court, that court does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999); *see also Waterson v. Hall*, 515 F.3d 852, 855 (8th Cir. 2008).

In this case, Nevius' appeal plainly concerns a non-appealable order. As this Court previously explained, Defendants' motion for extension of time was "granted solely to permit them to prepare a responsive pleading," and did not in any manner implicate the merits of this case. [Doc. # 13]. This type of routine extension of a deadline is not appealable, *see, e.g.*, *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009) ("Ordinarily, courts of appeals have jurisdiction only over 'final decisions' of district courts." (citing 28 U.S.C. § 1291)), as further evidenced by the Eighth Circuit's dismissal of the appeal for lack of jurisdiction. Accordingly, the Court retains jurisdiction to rule the pending motions notwithstanding Nevius' appeal.

### B.    Petition to Quash IRS Summonses

The IRS is generally authorized to issue summonses as needed to investigate potential federal income tax liabilities, and the district courts are duly authorized to enforce them. *See* 26 U.S.C. §§ 7402, 7602, 7604; *United States v. Powell*, 379 U.S. 48, 52 (1964); *United States v. Montague*, No. CIV. 12-MC-11 PJS, 2012 WL 1429253, at *2 (D. Minn. Apr. 10, 2012) ("[I]t is settled law that the United States District Courts have jurisdiction to enforce an IRS summons."), *report and recommendation adopted*, 2012 WL 1431487 (D. Minn. Apr. 25, 2012). Where the enforcement of an IRS summons is challenged, the IRS bears the initial burden of showing:

3

Case 2:13-cv-04228-NKL   Document 39   Filed 04/24/14   Page 3 of 9 Sep 4 2014 p11
Appellate Case: 14-3062     Page: 11     Date Filed: 09/09/2014 Entry ID: 4194479

[1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to that purpose, [3] that the information sought is not already within the [IRS]'s possession, and [4] that the administrative steps required by the Code have been followed . . . .

*Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004) (quoting *Powell*, 379 U.S. at 57-58). If this prima facie showing is made, "the challenger is afforded the opportunity to rebut the IRS showing as to one or more of the requirements or to demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process." *Id.* (quotation omitted).

The burden on the IRS with respect to the initial showing "is slight," *id.*, in that it requires only "a minimal showing of good faith compliance with summons requirements," that may "be demonstrated by the affidavit of the IRS agent," *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005). By contrast, "[t]he burden of proof on the taxpayer necessary to overcome a prima facie showing of proper purpose is a heavy one, . . . because only substantial countervailing policies or express statutory prohibition should stand in the way of effective performance of congressionally imposed responsibilities to enforce the tax Code." *Id.* at 893 (quotations omitted).

To satisfy its initial burden, the IRS in this case has submitted the affidavit of IRS Special Agent Tomlinson, which establishes each of the four *Powell* factors and is sufficient to satisfy the minimal showing of good faith required of the IRS. *See* [Doc. # 25-1]; *Norwood*, 420 F.3d at 892. In response, Nevius argues that Defendants' filings should be stricken, apparently on the ground that the U.S. Attorney, which represents both the IRS and Tomlinson in this case, is an improper, intervening party because the

4

IRS is not a government agency that may be represented by the U.S. Attorney.[1]  This

argument, whether asserted as grounds for striking Defendants' filings or quashing the

summonses at issue, is plainly without merit.  *See, e.g.*, *Issa v. C.I.R.*, 392 F. App'x 500

(8th Cir. 2010) ("[W]e reject as frivolous Issa's assertion that the IRS is not a government

agency."); *United States v. Fern*, 696 F.2d 1269, 1273 (11th Cir. 1983) ("Clearly, the

Internal Revenue Service is a 'department or agency' of the United States."); *Montagne*,

2012 WL 1429253, at *2; *McNeil v. United States*, 78 Fed. Cl. 211, 220-21 (Fed. Cl.

2007) ("[T]he IRS is an agency of the United States government."), *aff'd*, 293 F. App'x

758 (Fed. Cir. 2008); *Edwards v. C.I.R.*, 84 T.C.M. (CCH) 24 (T.C. 2002) (considering

the same arguments and authorities presented by Nevius, rejecting them as "tax protestor

gibberish," collecting cases, and holding, "[T]he statutory authority of the Commissioner

and the Internal Revenue Service is indisputable.  The Courts have repeatedly held that

the Internal Revenue Service is an authorized agency of the United States and rejected as

frivolous arguments to the contrary.").

        Nevius alternatively claims that the IRS is without authority to enforce any

summons issued to assess his tax liabilities because he "is not a 'citizen of the United

States,' " [Doc. # 29 at 5], but rather "a 'non-citizen American National of Missouri,'

which is a 'foreign state.' "  [Doc. # 1 at 4].  This argument, in each of the various forms

presented by Nevius, is also without merit. *See, e.g.*, *United States v. Cooper*, 170 F.3d

---

[1] Nevius also references the Court's authority to strike any "scandalous matter," but fails to
identify any offensive material in Defendants' motion or briefs in support.  A review of these
materials shows that they consist entirely of proper, legal argument and recitations of essential
facts.  Accordingly, there is no basis for striking any portion of Defendants' filings due to
offensive content.

691, 691 (7th Cir. 1999); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994);

*United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[W]e reject appellants'

contention that they are not citizens of the United States, but rather 'Free Citizens of the

Republic of Minnesota' and, consequently, not subject to taxation."); *Wnuck v. C.I.R.*,

136 T.C. 498, 506-07 (T.C. 2011); *McNeil*, 78 Fed. Cl. at 217-18.

Nevius also suggests that an IRS summons issued without probable cause or a

warrant violates the Fourth Amendment.  However, it is well-settled that an IRS

summons of the type at issue in this case does not implicate the individual's Fourth

Amendment rights,  *United States v. Miller*, 425 U.S. 435, 443-44 (1976), and the IRS

"need not meet any standard of probable cause to obtain enforcement of [a] summons,

*Powell*, 379 U.S. at 57 (1964).

Finally, the remaining arguments in Nevius' petition to quash, for instance that

this Court and the IRS lack jurisdiction to enforce the revenue laws outside of the District

of Columbia and other federal enclaves, consist of nothing more than tired, tax protestor

rhetoric that has been consistently rejected for reasons that have been clearly and

repeatedly articulated and thus merit no recitation here.  *See, e.g.*, *Jacobsen v. C.I.R.*, No.

13-9002, 2014 WL 26460, at *3 n.1 (10th Cir. Jan. 3, 2014); *Cooper*, 170 F.3d at 691

(addressing arguments identical to those advanced by Nevius and holding, "These

arguments, frivolous when first made, have been rejected in countless cases.  They are no

longer merely frivolous; they are frivolous squared."); *Crain v. C.I.R.*, 737 F.2d 1417,

1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber

reasoning and copious citation of precedent; to do so might suggest that these arguments

6

have some colorable merit."); *Wnuck*, 136 T.C. at 504 ("[I]t is doubtful whether tax jurisprudence will be much advanced by issuing yet another opinion affirming the obvious truisms about tax law and refuting Mr. Wnuck's already soundly refuted contentions."); *In re Hale*, 196 B.R. 122, 122-23 (Bankr. E.D. Ark. 1996) ("This legalistic gibberish has been so repeatedly and soundly dismissed that the courts no longer analyze each issue, unless imposing sanctions for filing such frivolous babble."); *see also United States v. Wankel*, 475 F. App'x 273, 276 (10th Cir. 2012); *Sanderson v. C.I.R.*, 231 F. App'x 534, 535 (8th Cir. 2007); *Montagne*, 2012 WL 1429253, at *3.

As Nevius has presented no other basis for quashing any IRS summons, his request to quash the October 18, 2013 summons, eighteen unspecified prior summonses, and any future summons that might issue must be denied.

### C.    Nevius' Additional Claims

Nevius' additional claims are all premised on the deficient legal theories addressed above, and thus necessarily fail to state a claim upon which relief can be granted. Furthermore, Nevius has failed to plead a cognizable waiver of sovereign immunity, such that this Court lacks subject matter jurisdiction over his claim for damages. *See, e.g.*, *United States v. Mitchell*, 445 U.S. 535, 538 (1980). As demonstrated above, Nevius' claim that the IRS is not a government agency is entirely without merit. In addition, although Nevius purports to sue Tomlinson in her individual capacity, all of his allegations against Tomlinson pertain to her efforts to investigate his potential federal income tax liabilities, which clearly fall within her official duties as a revenue agent. A suit against the IRS, or against a revenue officer for actions taken in her official capacity,

is effectively a suit against the United States. *E.g.*, *Coolman v. U.S. I.R.S.*, 117 F. Supp. 2d 943, 948 (D. Neb. 2000), *aff'd*, *Coolman v. United States*, 242 F.3d 374 (8th Cir. 2000). As a result, neither the IRS nor Tomlinson are proper parties to this case, and Nevius' claims against the United States, the proper defendant, are barred by sovereign immunity. Furthermore, to the extent that Nevius' claim against Tomlinson could be construed as a *Bivens*[2] claim, it fails as a matter of law. *See Vennes v. An Unknown No. of Unidentified Agents of U.S.*, 26 F.3d 1448, 1453-54 (8th Cir. 1994) (holding that a *Bivens* action cannot be brought against IRS agents for tax assessment and collection activities); *Braun v. I.R.S.*, No. CIV.05-932-ADM/AJB, 2005 WL 2203169, at *3-4 (D. Minn. Sept. 9, 2005) ("The Eighth Circuit has found that the Internal Revenue Code is the sole remedy for allegations of misconduct by IRS employees with respect to tax collection and assessment.").

Finally, Nevius' request for a writ of mandamus compelling the IRS to cease all attempts at assessing his tax liabilities is effectively a claim for injunctive relief and, consequently, is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. *See Transp. Mfg. & Equip. Co. of Del. v. Trainor*, 382 F.2d 793, 797-98 (8th Cir. 1967). To the extent that this claim requests an order directing the IRS to evidence Nevius' legal duty to pay taxes, Nevius has failed to plead a plausible claim upon which this relief could be granted. *See Castillo v. Ridge*, 445 F.3d 1057, 106061 (8th Cir. 2006).

## III.    Conclusion

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

8

Case 2:13-cv-04228-NKL   Document 39   Filed 04/24/14   Page 8 of 9   Sep 4 2014 p16
Appellate Case: 14-3062    Page: 16    Date Filed: 09/09/2014 Entry ID: 4194479

For the reasons set forth above, Defendants' motion to dismiss and/or deny petition to quash, [Doc. # 24], is GRANTED, Nevius' petition to quash, [Doc. # 1], is DENIED, and Nevius' motions for default judgment as to the IRS, Tomlinson, and the Doe defendants, [Docs. ## 16, 17, 19], declaratory judgment, [Doc. # 34], and an order determining the authority of Tomlinson, [35], are DENIED. It is further ORDERED that this case is hereby DISMISSED, with prejudice.

<u>s/ NANETTE K. LAUGHREY</u>
NANETTE K. LAUGHREY
United States District Judge

Dated: <u>April 24, 2014</u>
Jefferson City, Missouri

9

Case 2:13-cv-04228-NKL   Document 39   Filed 04/24/14   Page 9 of 9 Sep 4 2014 p17
Appellate Case: 14-3062   Page: 17   Date Filed: 09/09/2014 Entry ID: 4194479

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

BRYON B. NEVIUS,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   No. 2:13-CV-04228-NKL
                                    )
JULIE TOMLINSON, INTERNAL           )
REVENUE SERVICE, et al.,            )
                                    )
            Defendants.             )

## JUDGMENT IN A CIVIL CASE

___   Jury Verdict.   This action came before the Court for a trial by jury.

X     Decision by Court.   This action came to trial or hearing before the Court.
      The issues have been determined and a decision has been made.

      IT IS ORDERED AND ADJUDGED that pursuant to the Order entered by the Honorable

Nanette Laughrey on April 24, 2014, Defendants' motion to dismiss and/or deny petition to

quash, [Doc. # 24], is GRANTED, Nevius' petition to quash, [Doc. # 1], is DENIED, and

Nevius' motions for default judgment as to the IRS, Tomlinson, and the Doe defendants,

[Docs. ## 16, 17, 19], declaratory judgment, [Doc. # 34], and an order determining the

authority of Tomlinson, [35], are DENIED.   It is further ORDERED that this case is

hereby DISMISSED, with prejudice.


  Date: April 24, 2014                    ANN THOMPSON_____

                                          Clerk of Court

                                          s/ RENEA MATTHES_____
                                          By: Renea Matthes, Courtroom Deputy

Bryon Nevius, *Sui Juris,* a man,
   Plaintiff

            v.

Julie Tomlinson a woman, and coworkers, et
al. as individuals;  Internal Revenue Service
A fictitious entity,
         Defendants.

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## <u>NOTICE OF APPEAL</u>

   Now comes Plaintiff, Bryon Nevius who gives NOTICE of APPEAL related to the above District Court case and docket number 39 - ORDER.  This Notice falls under FRAP Rule 3. Plaintiff also requests a briefing schedule.

**<u>Rule 3. Appeal as of Right</u>**

   (a) Filing the Notice of Appeal.

   (1) An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).

Dated September 3,  2014
Best regards,

                              Bryon Nevius, plaintiff: *Sui Juris*
                              21355  Hwy 179
                              Jamestown, Missouri [65046]

                              Bryon  Nevius, plaintiff: *Sui Juris.*

## <u>CERTIFICATE  OF  SERVICE</u>

A copy of this document will be sent by the District Court by means of electronic mail to the Defendants' using the CM/EFC system.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### OFFICE OF THE CLERK

ANN THOMPSON
COURTHOUSE
CLERK OF COURT

65101

ROOM     310,     U.S.

JEFFERSON  CITY,  MO

September 4, 2014

Michael Gans
United States Court of Appeals
Thomas F. Eagleton Court House
Room 24.329
111 S. 10th Street
St Louis,   MO   63102

**RE:**
Bryon Nevus v. Julie Tomlinson, et al.,   13-04228-CV-C-NKL

**Dear Mr. Gans:**

A "Notice of Appeal" has been filed in the above styled cause.   This is an electronic case, and is available for viewing at the court website.    If you need further assistance, you can reach me at (573) 636-4015.

Sincerely,

/s/
C. James
Deputy Clerk

# U. S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

**Case:**    Bryon Nevus v. Julie Tomlinson, et al.,    13-04228-CV-C-NKL

**Appellant:**  Bryon Nevius
**Attorney(s):**

Pro se:

Bryon Nevius
21355 Hwy 179
Jamestown, MO   65046
(660) 849-2133

**Appellee:   Julie Tomlinson, Internal Revenue Service**

**Attorney(s):**

**Jessica S. Reimelt**
United States Department of
Justice-DC
Tax Division
Ben Franklin Station
P. O. Box 7238
Washington, DC 20044
(202) 307-2176
Fax: (202) 514-6770
Email:
jessica.s.reimelt@usdoj.go
v

**Daniel A. Applegate**
U.S. Dept. of Justice
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044
(202) 353-8180
Fax: (202) 514-6770
Email:
daniel.a.applegate@usdoj.g
ov

**Court Reporter(s):**

| None |
|------|

**Please return files and documents to:**

U.S. District Court
131 West High, Room 310
Jefferson City, MO  65101

**Person to contact about the appeal:**

| Length of Trial: | Fee: | IFP: | Pending | IFP Mot. |
|---|---|---|---|---|
| n/a | Paid | | | |

| Counsel: | Pending Motions | Local Interest | Simultaneous Release? |
|---|---|---|---|
| | yes | NO | NO |